Stephen J. Trayner (4928)
Ryan P. Atkinson (10673)
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
(801) 532-7080
(801) 596-1508 [facsimile]
strayner@strongandhanni.com
ratkinson@strongandhanni.com

Brian Molzahn (admitted *pro hac vice*)
HALL & EVANS, LLC
1001 Seventeenth Street Suite 300
Denver, Colorado 80202
(303) 628-3300
(303) 628-3368 [facsimile]
molzahnb@hallevans.com
**COUNSEL FOR DEFENDANT
HARRISON WESTERN CONSTRUCTION
CORPORATION**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **STATE OF UTAH,**<br><br>    Plaintiff,<br><br>    v.<br><br>**ENVIRONMENTAL RESTORATION, LLC,** *et al.***,**<br><br>    Defendants. | Case No. **02:17—cv—00866-TS**<br><br>**SECOND MOTION OF DEFENDANT HARRISON WESTERN CONSTRUCTION CORPORATION TO DISMISS PLAINTIFF STATE OF UTAH'S COMPLAINT**<br><br>**District Judge Ted Stewart** |

Defendant Harrison Western Construction Corporation ("Harrison Western") moves now, pursuant to **Fed.R.Civ.P. 12(b)(1)** and **12(b)(7)**, to dismiss plaintiff State of Utah's complaint and, in support thereof, states as follows:

## INTRODUCTION

The underlying action stems from the Gold King Mine spill near Silverton, Colorado, on August 5, 2015. (EXHIBIT A – State of Utah Complaint at ¶¶ 1, 56-58). The spill involved around 3,000,000 gallons of contaminated water and toxic waste, which traveled into nearby Cement Creek, into the Animas River, into the San Juan River and, finally, into Lake Powell. (EXHIBIT A at ¶ 57). Following the spill and in response to certain (alleged) "environmental, economic and other damage" (EXHIBIT A at ¶ 58), plaintiff State of Utah ("Utah") brought various statutory and common law tort claims against Harrison Western and others (EXHIBIT A at ¶¶ 59-120), through which it demands declaratory, monetary and injunctive relief.[1] (EXHIBIT A at PRAYER FOR RELIEF).

---

[1] Utah has sued Harrison Western Corporation (EXHIBIT A), and Utah has served its complaint upon Harrison Western Corporation. (EXHIBIT B – State of Utah Proof of Service).
 Harrison Western Corporation, however, did not perform any work or services in connection with the Gold King Mine; Harrison Western Construction Corporation did. (EXHIBIT C – Second Declaration of Christopher A. Hassel at ¶ 7). Moreover, and while separate legal entities, both Harrison Western Corporation and Harrison Western Construction Corporation maintain the same principal place of business in Lakewood, Colorado. (EXHIBIT C at ¶8). Accordingly, Harrison Western Construction Corporation has notice of the underlying complaint. (EXHIBIT C at ¶ 8).

## RELIEF SOUGHT AND GROUNDS THEREFOR

Harrison Western broadly contends it has no liability to Utah because there is no factual or legal basis for any of the claims directed against it.  At this time, however, Harrison Western contends

- that the State of Colorado is a required party to the underlying action, but cannot be joined herein;
- that Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") section 113(h) bars any interference with the CERCLA response action associated with the Bonita Peak Mining District, including Utah's declaratory judgment claim and Utah's state law claims;
- that Utah's state law tort claims are preempted because they conflict with CERCLA's natural resource restoration objectives or otherwise limited;
- that Utah's common law tort claims are also preempted by the Clean Water Act; and,
- that Utah's claims premised upon (alleged) violations of state statutes are barred because those statutes are inapplicable under the circumstances.

Pursuant to **DUCivR 7-1(a)(4)**, Harrison Western incorporates, by reference, the motions and supporting memoranda of law of defendant Sunnyside Gold Corporation [DOC. 65], defendants Kinross Gold, Inc. and Kinross Gold U.S.A., Inc. [DOC. 67] and defendant Environmental Restoration, LLC [DOC. 76] to dismiss Utah's complaint as the grounds for this second motion to dismiss.

DATED THIS 18TH DAY OF DECEMBER, 2017.

Respectfully Submitted,

**HALL & EVANS, LLC**

By:[*s/ Brian Molzahn*]_____

Brian Molzahn (admitted *pro hac vice*)
HALL & EVANS, LLC
1001 Seventeenth Street Suite 300
Denver, Colorado 80202
(303) 628-3300
(303) 628-3368 [facsimile]
molzahnb@hallevans.com
**COUNSEL FOR DEFENDANT HARRISON WESTERN CONSTRUCTION CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December 2017, a true and correct copy of the foregoing **SECOND MOTION OF DEFENDANT HARRISON WESTERN CONSTRUCTION CORPORATION TO DISMISS PLAINTIFF STATE OF UTAH'S COMPLAINT** was, unless otherwise noted, served on the following *via* CM/ECF system:

**COUNSEL OF RECORD**

[*s/ Lee Lucero*]_____

Legal Secretary to
Brian Molzahn (admitted *pro hac vice*)
HALL & EVANS, LLC
1001 Seventeenth Street Suite 300
Denver, Colorado 80203
(303) 628-3300
(303) 628-3368 [facsimile]
molzahnb@hallevans.com
**COUNSEL FOR DEFENDANT HARRISON WESTERN CONSTRUCTION CORPORATION**