IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE STATE OF UTAH,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL RESTORATION, LLC; HARRISON WESTERN CORPORATION; KINROSS GOLD CORPORATION; KINROSS GOLD U.S.A., INC.; SUNNYSIDE GOLD CORPORATION; UNITED STATES OF AMERICA; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; SCOTT PRUITT, in his official capacity as Administrator, United States Environmental Protection Agency; and WESTON SOLUTIONS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY AND DENYING ALL PENDING MOTIONS AS MOOT<br><br><br>Case No. 2:17-CV-866 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Environmental Restoration, LLC's ("ER") Motion to Temporarily Stay Proceedings Pending Decision on Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings Under 28 U.S.C. § 1407. For the following reasons, the Court will grant the Motion.[1]

I. BACKGROUND

Plaintiff State of Utah brought this action alleging the release of hazardous substances from the Gold King Mine in Colorado on August 5, 2015. This action is one of four federal lawsuits that all arose from the release. The other three actions were filed in New Mexico by different plaintiffs but against many of the same defendants. Therefore, "[d]ue to the overlapping

---

[1] As ER asked for expedited consideration, the Court is not waiting for a reply.

allegations and the inevitability that substantially similar legal issues would be raised in each action, ER filed a Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings [(the "MDL Motion")] under 28 U.S.C. § 1407"[2] with the Judicial Panel on Multidistrict Litigation ("JPML") on December 11, 2017.

Since the filing of the MDL Motion, five motions to dismiss and a motion for entry of default have been filed in this case. Those motions are now moot as Plaintiff filed its First Amended Complaint on January 4, 2018.[3] ER has also filed this Motion to stay all proceedings pending resolution of the MDL Motion.

## II.    STANDARD OF REVIEW

"This court has inherent power to grant a stay pending the result of other proceedings."[4] The Supreme Court has described this power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[5]

To determine whether to stay an action pending the result of a motion to transfer under 28 U.S.C. § 1407, courts have considered the following factors: "(1) whether a stay would promote

---

[2] Docket No. 84, at 2.

[3] *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

[4] *Christensen v. Target Corp.*, No. 2:13-CV-1136, 2014 WL 1224966, at *1 (D. Utah Mar. 24, 2014) (granting motion to stay proceedings pending resolution of a motion to transfer under 28 U.S.C. § 1407) (internal quotation marks omitted); *see also Avants v. Prospect Mortg., LLC*, No. 13-CV-376, 2013 WL 11826548, at *1 (D.N.M. Oct. 9, 2013) ("A district court may in its discretion stay proceedings before it pending resolution of a motion brought pursuant to 28 U.S.C § 1407, as the power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (internal quotation marks omitted).

[5] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) ("The granting of the stay ordinarily lies within the discretion of the district court.").

judicial economy (2) whether a stay would avoid confusion and inconsistent results and (3) whether a stay would unduly prejudice the parties or create undue hardship."[6]

### III.   DISCUSSION

ER and Plaintiff request a stay of all of the proceedings, but defendants Sunnyside Gold Corporation ("SGC"), Kinross Gold Corporation ("KGC"), and Kinross Gold U.S.A., Inc. ("KGUSA") have requested that the Court exclude the issue of personal jurisdiction from the stay.[7] Therefore, the Court will determine whether to grant a stay of all the proceedings, or whether the issue of personal jurisdiction should be excluded.

SGC, KGC, and KGUSA argue that delaying the issue of personal jurisdiction would require another court to make the decision, requiring more time and resources from the MDL panel and any court that the case may be transferred to. They also argue that, since this case is the only one filed in Utah, "there is no risk that a ruling on the personal jurisdictional question in Utah would create inconsistent rulings with any other court,"[8] and this Court is uniquely qualified to rule on the issue of personal jurisdiction as this district sits in the forum state. Finally, they argue that a delay on the personal jurisdiction issue would place undue hardship on them as it would require them to continue to litigate before JPML and invest resources that may be unwarranted.

---

[6] *Christensen*, 2014 WL 1224966, at *1; *see also Avants*, 2013 WL 11826548, at *1; *cf. Pace v. Merck & Co., Inc.*, 2005 WL 6125457, at *1 (D.N.M Jan. 10, 2005) (noting that some courts consider "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated").

[7] Docket No. 88, at 2. KGC and KGUSA adopted the arguments made by SGC in its response. Docket No. 90, at 2.

[8] Docket No. 88, at 5.

The Court disagrees. First, while a decision on the issue of personal jurisdiction may save time for other courts, not staying the issue would result in the parties and the Court running the risk that extensive time and resources will be expended on the briefing of the issue, only to have JPML transfer the case before a decision can be reached. Further, judicial resources will be conserved and judicial economy best served if a single court uniformly determines the numerous preliminary issues in the case.[9]

Second, allowing one court to make all of the pre-trial findings allows for consistency in the reasoning and determination of all of the issues,[10] and another court is no less qualified than this Court to make a determination on personal jurisdiction as either would be presented with the same facts and would apply the same law.

Finally, this litigation is still in its early stages[11] and excluding the issue of personal jurisdiction from the stay would result in most of the parties having to invest resources to litigate the issue before this Court. This would add undue hardship to the parties as the case could be transferred at any time and the motions to dismiss are now moot based on the filing of the First Amended Complaint. A stay of all the proceedings would allow all of the parties to focus their litigation efforts in one place, rather than arguing the issue on multiple fronts.

---

[9] *See Pace*, 2005 WL 6125457, at *2 ("It is also apparent that judicial resources would be conserved and judicial economy best served by allowing a single court to determine with uniformity the various issues presented in the hundreds of currently pending Vioxx cases.").

[10] *See Christensen*, 2014 WL 1224956, at *1 ("In the event that the transfer is granted, staying the action will serve the additional purpose of preventing conflict between pre-trial rulings made by this court and subsequent decisions of the district court where the actions are consolidated.").

[11] *See e.g. Christensen*, 2014 WL 1224966, at *2 ("Because this litigation is still in its early stages and Target has a duty to preserve evidence, the court finds that plaintiffs will not be prejudiced by staying the action at this time. On the other hand, in the absence of a stay, Target would suffer undue hardship by having to repeat its litigation efforts in more than one forum and being subject to duplicative discovery.").

Therefore, as all three factors weigh against excluding the issue of personal jurisdiction, and Plaintiff is seeking time to find a cooperative solution with the defendants, the Court finds that a stay of all proceedings is in the best interest of judicial economy and of all parties involved.

IV.   CONCLUSION

It is therefore

ORDERED that Defendant Environmental Restoration, LLC's Motion to Temporarily Stay Proceedings Pending Decision on Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings Under 28 U.S.C. § 1407 (Docket No. 84) is GRANTED, and all other pending motions (Docket Nos. 65, 67, 71, 76, 77, and 79) are DENIED as moot.

DATED this 5th day of January, 2018.

BY THE COURT:

_____
TED STEWART
United States District Judge