IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| THE STATE OF UTAH,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL RESTORATION, LLC; HARRISON WESTERN CORPORATION; KINROSS GOLD CORPORATION; KINROSS GOLD U.S.A., INC.; SUNNYSIDE GOLD CORPORATION; UNITED STATES OF AMERICA; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; SCOTT PRUITT, in his official capacity as Administrator, United States Environmental Protection Agency; and WESTON SOLUTIONS, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION BY THE STATE OF UTAH TO LIFT THE STAY OF PROCEEDINGS FOR THE LIMITED PURPOSE OF CONDUCTING A SETTLEMENT CONFERENCE WITH FEDERAL DEFENDANTS UNDER DUCIVR 16-3<br><br>CASE NO. 2:17-CV-866 TS<br><br>Judge Ted Stewart |

This matter is before the Court on Plaintiff State of Utah's ("Plaintiff") Motion to Lift the Stay of Proceedings for the Limited Purpose of Conducting a Settlement Conference with Federal Defendants Under DUCivR 16-3. For the following reasons, the Court denies the Motion.

I.   BACKGROUND

Plaintiff brought this action alleging the release of hazardous substances from the Gold King Mine in Colorado on August 5, 2015. This action is one of four federal lawsuits that all arose from the release. The other three actions were filed in New Mexico by different plaintiffs but against many of the same defendants. Therefore, "[d]ue to the overlapping factual allegations

1

and the inevitability that substantially similar legal issues would be raised in each action, [Defendant Environmental Restoration, LLC's ("ER")] filed a Motion to Transfer for Coordinated or Consolidated Pretrial Proceedings under 28 U.S.C. § 1407"[1] with the Judicial Panel on Multidistrict Litigation ("JPML") on December 11, 2017. ER then filed a motion to stay all proceedings pending resolution of the MDL Motion. The Court entered a stay on January 5, 2018.

Plaintiff now seeks an order lifting the stay "for the limited purpose of convening a settlement conference with [Defendants United States of America, United States Environmental Protection Agency ("EPA"), and Scott Pruitt in his official capacity as Administrator of the EPA (collectively "the Federal Defendants")], and referring these parties to a settlement judge to conduct the conference."[2] According to Plaintiff, it "has engaged in extensive settlement negotiations with the Federal Defendants regarding the Gold King Mine Blowout[, and it] believes the negotiations will be greatly assisted by the participation of a federal judge, presiding over a settlement conference attended by representatives with settlement authority under DUCivR 16-3."[3]

## II.   DISCUSSION

"Under Fed. R. Civ. P. 16(a)(5) and (c)(9) and 28 U.S.C. § 636(b)(1), the district judge to whom the case has been assigned for trial may refer it, for the purpose of undertaking a settlement conference, either to another district judge or to a magistrate judge."[4] The power to lift the stay for this purpose is "incidental to the power inherent in every court to control the

---

[1] Docket No. 84, at 2.

[2] Docket No. 110, at 3.

[3] *Id.*

[4] DUCivR 16-3(b).

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[5]

Plaintiff argues that the stay should be lifted to allow for a settlement conference, despite the pending MDL Motion, for three reasons. First, Plaintiff argues that constructive settlement discussions could resolve the case or narrow the issues and that the earlier this happens the better. Second, because the settlement conference would be overseen by an independent judge, "a transfer of the case for certain pre-trial proceedings will have no practical effect on the settlement conference before a federal judge in Utah."[6] Finally, Plaintiff argues that a settlement conference with a smaller group could be more fruitful and may allow for expanded discussions with other plaintiffs and defendants.

The Federal Defendants oppose lifting the stay for two reasons. First, all of the related cases are stayed pending resolution of the MDL Motion, a hearing for which is to be held on March 29, 2018, and the appointment of a judge to oversee a settlement conference would be "ill-served at this time" since this action may be transferred from this Court within the next several weeks.[7] Second, the Federal Defendants disagree with Plaintiff's assertion that extensive negotiations have occurred between the parties and they do not share Plaintiff's view that a settlement conference could lead to significant progress at this time.

Based on these arguments, the Court does not find that a lift of the stay for the purpose of referring the parties to a settlement conference is justified at this time. With a hearing on the MDL Motion only a few days away, it is unlikely that a settlement conference could be

---

[5] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) ("The granting of the stay ordinarily lies within the discretion of the district court.").

[6] Docket No. 110, at 5.

[7] Docket No. 113, at 3.

scheduled and progress made before the MDL Motion is decided. Further, if the JPML decides to transfer this action to another Court, significant time and resources would have been wasted in preparation for negotiations. Additionally, the Federal Defendants do not believe that the parties are as close to making progress through negotiations as Plaintiff represents and it takes willingness from both sides before progress can be made in a timely manner. Therefore, due to the lack of time to negotiate before the JPML makes a decision, and the lack of support from the Federal Defendants, the Court finds that it will be in the best interest of all of the parties for the stay to remain in place until the MDL Motion is decided.

### III.   CONCLUSION

It is therefore

ORDERED that Plaintiff State of Utah's Motion to Lift the Stay of Proceedings for the Limited Purpose of Conducting a Settlement Conference with Federal Defendants Under DUCivR 16-3 (Docket No. 110) is DENIED.

DATED this 27th day of March, 2018.

BY THE COURT:

Judge Ted Stewart