# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,　　　　　　　　　　No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to No. 1:18-cv-00319-WJ*

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion of Defendant Harrison Western Construction Corporation ("Harrison Western") to Dismiss Plaintiff State of Utah's First Amended Complaint, Doc. 41, filed July 25, 2018 ("First Motion"), and on the Second Motion of Defendant Harrison Western Construction Corporation to Dismiss Plaintiff State of Utah's First Amended Complaint, Doc. 48, filed August 3, 2018. For the reasons stated below, the Court **DENIES** the motions.

Harrison Western moves the Court to dismiss Utah's First Amended Complaint ("UT FAC") for lack of personal jurisdiction and for failure to state a claim. Harrison Western argues that it did not have the minimum contacts with Utah which would allow the Court to exercise personal jurisdiction over Harrison Western.

"[T]he 'minimum contacts' standard requires, first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Dudnikov v. Chalk & Vermilion fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008). There is purposeful direction if (i) there is an intentional action, (ii) that was expressly aimed at the forum state, (iii) with knowledge that the brunt of the injury would be felt in the forum state. *See Dudnikov v. Chalk & Vermilion fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008).

Harrison Western submitted the declarations of two of its employees to support its motion to dismiss. The statements in the declarations indicate: (i) Harrison Western was a subcontractor to Defendant Environmental Restoration, LLC ("ER"); (ii) Harrison Western was working with ER to re-open the Gold King Mine in September, 2014, and Harrison Western concluded that further excavation was unwise because the amount of impounded water was likely greater than Harrison Western and ER were prepared to safely handle or treat; (iii) ER agreed to cease any further excavation that year; (iv) Harrison Western prepared a revised plan to re-open the Gold King Mine and provided the revised plan to ER; (v) no Harrison Western employees returned to the Gold King Mine until August 17, 2015, which was 12 days after the release; (vi) Harrison Western did not know that others excavated at the Gold King Mine in late July 2015 and on August 4-5, 2015; (vii) based on review of photographs, the excavation on August 4-5, 2015, substantially deviated from Harrison Western's revised plan; (viii) the Harrison Western employees learned of the August 5, 2015, release by watching news reports on television on August 5, 2015; and (iv) the Harrison Western employees, based on their experience and expertise with underground mine re-openings and rehabilitations, believed that Harrison Western's revised plan would have successfully and safely removed the impounded water within the mine had Harrison Western been allowed the opportunity to supervise and direct its implementation. *See* Doc's 41-4 and 41-6.

Utah states that the accuracy of the factual statements in the declarations cannot be ascertained at the pleading stage and that resolving the factual issues must await discovery and the relevant responses of EPA and the other contractors. *See* Doc. 154 at 7.

> Where there has been no evidentiary hearing, as in this case, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that

2

jurisdiction exists. All factual disputes are resolved in favor of the plaintiffs when determining the sufficiency of this showing.

*Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009) (quotation marks, ellipses and citations omitted).

Although the statements in the declarations appear to support Harrison Western's contentions that the Court does not have jurisdiction and that Utah cannot state a claim on which relief may be granted, there has been no evidentiary hearing. Consequently, the Court must resolve all factual disputes in favor of Plaintiff Utah. The allegations in Utah's First Amended Complaint, which in many cases refer only to the "Contractor Defendants" (ER, Weston Solutions, and Harrison Western), make a prima facie showing that jurisdiction exists and state claims upon which relief may be granted.

After an opportunity for discovery, Special Master Hon. Alan C. Torgerson shall hold an evidentiary hearing and file proposed findings of fact regarding the Court's personal jurisdiction over Harrison Western. After the Court rules on any objections to the Special Master's proposed findings of fact, Harrison Western may file another motion to dismiss.

**IT IS ORDERED** that:

(i) The Motion of Defendant Harrison Western Construction Corporation to Dismiss Plaintiff State of Utah's First Amended Complaint, Doc. 41, filed July 25, 2018, is **DENIED.**

(ii) The Second Motion of Defendant Harrison Western Construction Corporation to Dismiss Plaintiff State of Utah's First Amended Complaint, Doc. 48, filed August 3, 2018, is **DENIED.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**