THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

In re: Gold King Mine Release in San Juan
County, Colorado on August 5, 2015

*This Document Relates to:*
*All Cases*

No. 1:18-md-02824-WJ

## ORDER ON SCOPE OF DISCOVERY

This matter comes before the Special Master Honorable Alan C. Torgerson on requests

from the Federal Defendants the Environmental Protection Agency, the Administrator of the

EPA and the United States of America, the Contractor Defendants Environmental Restoration,

LLC and Weston Solutions, Inc., the Defendant Harrison Western Construction Corporation, and

the Mining Defendants Sunnyside Gold Corporation, Kinross Gold U.S.A. Inc. and Kinross Gold

Corp., to limit discovery at this time to jurisdictional discovery.  Doc. 177, filed May 13, 2019.

The Sovereign Plaintiffs the State of New Mexico, the State of Utah and the Navajo Nation,

oppose this request and argue that they should be allowed to begin discovery on the issues of

liability and damages.  Doc. 178, filed May 13, 2019.  The McDaniel Plaintiffs have joined in the

Sovereign Plaintiffs' brief as have the Allen Plaintiffs. Docs. 179 and 180, filed May 14, 2019.

The Special Master, having considered the arguments of the parties, having reviewed the

cases and sources cited in the briefs, having considered the written responses regarding

specifically "what jurisdictional discovery they think they need to do, how long it will take and

how soon the jurisdictional discovery motions can be filed"[1], and hearing additional argument

---

[1] The Special Master asked the parties to submit the document in preparation for the May 31, 2019 Status
Conference.  At their request at the Status Conference, the submissions of the Sovereign Plaintiffs, the Federal

from counsel at the May 31, 2019 status conference has decided to allow discovery to proceed on

the issues of liability and damages and not to limit discovery to issues involving only

jurisdictional facts.  Discovery on personal jurisdiction issues will be given priority and will be

limited to six months.  A decision about whether to limit the time for subject matter jurisdiction

and other issues related to the phasing of discovery regarding liability and damages will be made

at the Scheduling Conference after the parties have complied with their meet and confer

requirement and submitted a Join Status Report as required under D. N.M. LR-Civ. 16.1.

First, having reviewed the Memorandum Opinions and Orders addressing the Motions to

Dismiss various Plaintiffs' claims entered by Chief Judge William C. Johnson as Docs. 163, 164,

166, 167, 168, 169, 170, 172, and 182, the Special Master has concluded that the Memorandum

Opinions and Orders do not contemplate that discovery be confined to issues involving only

jurisdictional facts and issues at this time.

In Mem. Op. and Order Doc. 164, filed February 18, 2019, Judge Johnson wrote,

"Federal Defendants may file a motion for summary judgment regarding jurisdiction over the

Sovereign Plaintiffs' CWA and RCRA claims after jurisdictional discovery." Doc. 164 at 14-15.

While the opinion contemplates that the Federal Defendants will explore the evidence

concerning their jurisdictional argument and may discover evidence that tends to support their

argument, it is the Special Master's conclusion that the ruling by Judge Johnson does not limit

discovery at this time to just that evidence that would tend to support the Federal Defendants'

argument regarding subject matter jurisdiction.  Likewise, in the same Mem. Op. and Order,

Doc. 164 at 10, Judge Johnson wrote, "[t]he Court denies the motion to dismiss the tort claims

---

Defendants and Western Harrison are attached as Exhibit A, B and C respectively.

against the Federal Defendants at this time to allow the Sovereign Plaintiffs an opportunity to discovery regarding the discretionary function exception." The Special Master concludes that this ruling does not limit discovery only to evidence concerning the discretionary function exception but is an instruction to the Federal Defendants to raise the argument again if they discover evidence during the discovery process that would strengthen and more fully support their earlier argument.

In the Mem. Op. and Order Doc. 166, filed March 20, 2019, addressing the EPA Contractor Defendants' Motion to Dismiss, the Court wrote that, "[t]he EPA Contractor Defendants may file a motion regarding jurisdiction over the Sovereign Plaintiffs' state law claims after jurisdictional discovery." Doc. 166 at 2. The Special Master concludes that this ruling does not contemplate limiting discovery to the disputed facts underlying the argument of subject matter jurisdiction but allows the Contractor Defendants an opportunity to raise the argument later in the case in the event they discover evidence that would more fully support their jurisdictional argument.

In the Mem. Op. and Order Doc. 168, filed March 26, 2019, addressing the Mining Defendants' Motion to Dismiss on the grounds that the Plaintiffs' claims seeking abatement are foreclosed by the EPA's response action, the Court wrote, "[t]he Court denies the Mining Defendants' motion to dismiss Plaintiffs' claims seeking abatement at this time to allow for jurisdictional discovery regarding the issue of whether abatement in New Mexico and/or Utah would interfere with EPA's remedial action." Doc. 168 at 11. As stated above, the Special Master concludes that rather than limiting discovery at this time to jurisdictional discovery, the Court is suggesting that if, or when, evidence is gathered that would more fully support the

argument that the EPA's current actions foreclose certain of Plaintiffs' claims, the Defendants should pursue that argument further through motion practice.   The Court's language in the Mem. Op. and Order Doc. 170, filed March 28, 2019, likewise persuades the Special Master that the Court contemplates that the parties will conduct discovery designed to discover jurisdictional facts but not limited to just jurisdictional facts.  Doc. 170 at 5.

The decision whether to allow discovery on jurisdictional issues is within the discretion of the Court. *Med Flight Air Ambulance, Inc. v. MGM Resorts Int'l.*, No. 1:17-CV-00246-WJ-KRS, 2017 WL 3172877, *2 (D.N.M. May 26, 2017).  In the present case, the Special Master is not denying the parties the opportunity to engage in jurisdictional discovery but is ruling that the discovery that the parties are about to embark upon is not limited to those issues involving personal and subject matter jurisdiction.

The Special Master also notes that in the unpublished case of *Applied Capital, Inc. v. ADT Corp.*, 2017 WL 3600726, *10 (D. N.M. 2017)(Case No. 1:16-CV-00815-WJ-SCY), Judge Johnson specifically ruled that the parties were to engage in jurisdictional discovery and carefully listed the issues to be explored in that discovery.  This ruling is evidence that had the Court meant to hold that the parties should engage only in jurisdictional discovery, to the exclusion of discovery on other issues, the Court would have stated so.  Similarly, in *MedFlight Air Ambulance, Inc. v. MGM Resorts, Int.*, supra, the Magistrate Judge ruled that the parties should engage in jurisdictional discovery but limited that discovery to written, specifically tailored inquiries.

The only ruling by Judge Johnson that specifically requires an evidentiary hearing on jurisdictional grounds is in Mem. Op. and Order Doc. No. 167, filed March 26, 2019.  That

Mem. Op. and Order addresses the argument by Harrison Western Construction Corporation that the Court should dismiss the State of Utah's complaint against it for lack of personal jurisdiction. The Court concluded that although the State of Utah had made prima facie showing that personal jurisdiction exists, there was still the possibility that further discovery could persuade the Court to reconsider the argument. As a result, the Court ruled, "[a]fter an opportunity for discovery, Special Master Hon. Alan C. Torgerson shall hold an evidentiary hearing and file proposed findings of fact regarding the Courts' personal jurisdiction over Harrison Western." Doc. 167 at 3. The Special Master concludes that the directive to hold an evidentiary hearing on the facts concerning personal jurisdiction does not limit discovery at this time to only those facts concerning personal jurisdiction. Presumably, Harrison Western will tailor the discovery it initially pursues to the facts it believes will support its argument that the State of Utah lacks personal jurisdiction over it. However, the Court's ruling does not mean that Harrison Western and the other parties are limited to discovery that would tend to establish evidence concerning personal jurisdiction or the lack thereof. When Harrison Western concludes that it has gathered sufficient evidence through the process of discovery to present evidence to the Special Master, it should file a motion requesting its evidentiary hearing.

The second reason the Special Master has decided to allow discovery to be pursued on the issues of both liability and damages is to allow this case to proceed forward in a timely manner. The last Mem. Op. and Order was filed by the addressing the Motions to Dismiss was filed after the Status Conference May 31, 2019. As a result, answers are not yet due. Cross claims, counterclaims or third-party claims have yet to be filed. Initial disclosures are not yet due. This multi-district litigation arises from an environmental incident that occurred nearly

four years ago and Plaintiffs, both sovereign and individual, have still not had an opportunity to

pursue discovery in support of their claims.  The Special Master is keenly aware of Fed. R. Civ.

P. 1 and its requirement that every federal action, no matter how complicated, be resolved in a

just, speedy and inexpensive manner.

Limiting discovery to jurisdictional issues would unduly delay this case.  If discovery for

the next few months were limited to just jurisdictional issues, followed by a series of motions

filed by various Defendants to dismiss certain claims on the grounds that the evidence

established through discovery more fully supports the previously raised arguments, the delay

could well reach into next year.  Even if some of the motions to dismiss on either subject matter

or personal jurisdictional grounds were granted, there would still be various claims asserted by

the Plaintiffs' that would remain to be resolved with no discovery having been conducted on the

issues of liability and damages.

A six month or more delay devoted solely to jurisdictional discovery and the ensuing

motion practice would be unduly prejudicial to both the sovereign and the individual Plaintiffs

who are requesting relief.  On the other hand, in most instances, if one or two of the claims that

have been brought against them are eventually dismissed on jurisdictional grounds, the

Defendants will still face claims for liability on the remaining claims and will need to continue to

defend this multi-district litigation, which will include engaging in substantive discovery.[2]

---

[2] The possible exception is Defendant Harrison Western who has only been sued by the State of
Utah and the McDaniel Plaintiffs.  According to the briefing, Harrison Western is a subcontractor who
worked for Environmental Restoration.  Harrison Western claims that it prepared a revised excavation
plan for Environmental Restoration, but the contractor substantially deviated from the plan.  Harrison
Western claims that its employees were not performing excavation work in the summer of 2015 on the
mine and only learned that Environmental Restoration had been doing excavation work when they saw
the news about the release of water from the mine.  See, Doc. 167 at 2-3.  Harrison Western moved to

Therefore, the Special Master has concluded that discovery should proceed on both issues of liability and damages, which the Special Master assumes will include efforts of the Defendants to resolve the currently disputed issues of fact concerning personal and subject matter jurisdiction.

The third reason the Special Master has decided to allow discovery to be pursued on the issues of both liability and damages at this time is because the issues of subject matter jurisdiction, personal jurisdiction, claims premised on CERCLA, claims premised on CWA, claims premised on RCRA, and the various tort claims are so intertwined as to make it nearly impossible to limit documentary evidence or deposition testimony to just jurisdictional issues. The evidence concerning jurisdictional issues is intertwined with the evidence concerning liability, and in some cases damages. It would be a time consuming and frustrating use of attorney and judicial resources to try to untangle which documents, or even parts of documents, may be useful to establish a fact that may support, or defeat, a jurisdictional argument. In all likelihood, there would be motions challenging written discovery and deposition testimony would have to be halted repeatedly while the attorneys argue about whether the evidence being explored has to do with a jurisdictional issue, an issue of liability, or an element of damages. While the Special Master will do his best to resolve written motions expeditiously and is willing to be available by telephone whenever possible to help resolve disputes of this type that may

---

dismiss Utah's claims against it for lack of personal jurisdiction. Judge Johnson denied the motion but ruled that Harrison Western may file another motion to dismiss. Doc. 167 at 3. So, while it is possible that jurisdictional discovery may result in Harrison Western being dismissed as a party, any discovery involving the Harrison Western employees would likely also be relevant on the liability claims against other Defendants. The Special Master would also note that Harrison Wester has not yet filed a motion to dismiss the McDaniel Plaintiffs' claims.

arise at depositions, the back and forth communication concerning written discovery and its

parameters, followed by motions to compel and motions for protection orders, as well as the

constant interruptions of a deposition will inevitably cost everyone involved a great deal of time,

money, and frustration.

The Special Master is also aware of the argument raised by the various Defendants that

engaging in extensive discovery, only to discover that subject matter or personal jurisdiction is

lacking, could prove prejudicial to one or more of the Defendants.  There is the possibility that

some of the Defendants may bear the costs of litigation while engaging in discovery on certain

issues only to have these issues later dismissed as to them.  The Special Master is required to

balance that potential prejudice against the prejudice to the Plaintiffs in delaying discovery on

liability and damages.

The Special Master also recognizes that when a defendant moves to dismiss for lack of

jurisdiction, the parties should be allowed discovery on the factual issues raised by that motion,

and the refusal to grant discovery constitutes an abuse of discretion if the denial results in

prejudice to a litigant. *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir.

2002).  However, in this instance neither the Court nor the Special Master is refusing to grant the

parties the opportunity to engage in jurisdictional discovery.  This ruling by the Special Master

merely states that discovery will not be limited only to disputed issues of fact that would help

prove or disprove the issues of personal and subject matter jurisdiction but will also include

discovery into facts that involve the issues of liability and damages.  As noted above, the parties

may tailor some of their  initial efforts towards the discovery of facts that will tend to prove or

disprove the lack of subject matter jurisdiction or personal jurisdiction, but they will not be

8

limited to just those issues.

IT IS SO ORDERED.

_____

SPECIAL MASTER HON. ALAN C. TORGERSON

**THE PARTIES ARE NOTIFIED THAT WITHIN 21 DAYS OF SERVICE** of a
copy of the order, report or recommendations, they may file written objections with the Clerk of
the Court pursuant to Federal Rule of Civil Procedure 53(f)(2).  **A party must file any objection
with the Clerk of the Court within the twenty-one-day period if that party wants the
District Judge to hear their objection(s). If no objections are filed within the twenty-one-
day period, the District Judge may adopt the order, report or recommendations in whole.**