IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                              No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to:*   No. 18-cv-319-WJ
                              No. 18-cv-744-WJ

### MEMORANDUM OPINION AND ORDER
### GRANTING SUNNYSIDE GOLD CORPORATION'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT
### ON STATUTE OF REPOSE GROUNDS

**THIS MATTER** comes before the Court on Defendant Sunnyside Gold Corporation's Motion for Partial Summary Judgment on Statue of Repose Grounds, Doc. 962, filed December 17, 2020 ("Motion") and Defendant Sunnyside Gold Corporation's Motion for Partial Summary Judgment on Nuisance Claims, Doc. 963, filed December 17, 2020.

**Scope of Order**

Sunnyside Gold Corporation ("SGC") moves for a partial summary judgment order that SGC is not liable on the State of Utah's and the *Allen* Plaintiffs' tort claims against SGC to the extent such tort claims are predicated on SGC's design and construction of American Tunnel Bulkheads[1] Nos. 1, 2 and 3, on the grounds that such claims are barred by Colorado's six-year statute of repose. This Order relates only to the *Allen* Plaintiffs' tort claims against Sunnyside Gold Corporation. It does not pertain to the State of Utah's tort claims because SGC and Utah entered into a final settlement agreement and agreed to withdraw SGC's Motion for Partial Summary Judgment on Statute of Repose Grounds as to Utah. *See* Doc. 1139, filed March 15, 2021.

**Serial Motions for Summary Judgment**

---

[1] Bulkheads are permanent concrete fixtures, reinforced with rebar, approximately 10 feet thick, which are installed in mine tunnels to block the flow of water through the tunnel. *See* SJC letter to Colo. Division of Minerals and Geology, dated February 8, 2001, Doc. 962-10, filed December 17, 2020.

The *Allen* Plaintiff's state that SGC filed four motions for partial summary judgment and assert that the Court should strike those motions because SGC failed to articulate a reason why four motions are necessary.  *See* Response at 11.  The *Allen* Plaintiff's also state that if SGC had combined the partial summary judgment motions, the briefing would have exceeded the District Court's page limits set forth in the Local Rules.  The Court denies the *Allen* Plaintiffs' request to either strike the motions or to require SGC to consolidate motions to comport with page limits.  There are many parties with different claims and defenses, each having different legal and factual issues.  The separate motions for partial summary judgment filed by SGC in this particular complex multidistrict case will help expedite the resolution of issues in this case.  Extended page limits likely would be required, and granted, if SGC had filed one motion addressing the four issues.

**Background**

SGC states that the *Allen* Plaintiffs' tort claims against SGC "are predicated on SGC's design and construction of several engineered concrete bulkheads" in the American Tunnel which "were used to isolate the Sunnyside Mine and restore the natural hydrology of the region."  Motion at 1-2.  The bulkheads were completed by December 2002.  *See* Motion at 2.

> According to Plaintiffs, one consequence of SGC's bulkhead construction was water backing up into the Gold King Mine. On August 5, 2015, more than a decade after SGC completed construction of the relevant bulkheads, EPA and its contactors released over 3,000,000 gallons of water from the Gold King Level 7 adit[2] and allegedly caused Plaintiffs' damages.

Motion at 2.  SGC contends that the Allen Plaintiffs' tort claims against SGC claims are barred by Colorado's six-year statute of repose.

**Statute of Repose**

---

[2] "An 'adit' is a horizontal passage into a mine."  *Allen* Plaintiffs' Second Amended Complaint at 103, ¶ 322, Doc. 445, filed January 21, 2020.

Colorado's statute of repose states in relevant part:

(1)(a) Notwithstanding any statutory provision to the contrary, all actions against any architect, contractor, builder or builder vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within the time provided in section 13-80-102 after the claim for relief arises, and not thereafter, but in no case shall such an action be brought more than six years after the substantial completion of the improvement to the real property, except as provided in subsection (2) of this section.
...

(c) Such actions shall include any and all actions in tort, contract, indemnity, or contribution, or other actions for the recovery of damages for:

(I) Any deficiency in the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property; or

(II) Injury to real or personal property caused by any such deficiency; or

(III) Injury to or wrongful death of a person caused by any such deficiency.
...

(3) The limitations provided by this section shall not be asserted as a defense by any person in actual possession or control, as owner or tenant or in any other capacity, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or damage for which it is proposed to bring an action.

Colo. Rev. Stat. § 13-80-104.

SGC asserts that Colorado's statute of repose bars the *Allen* Plaintiffs' tort claims against SGC because: (i) the *Allen* Plaintiffs seek damages for alleged deficiency in the design, planning, supervision or construction of the bulkheads; (ii) SGC performed the type of work protected by Colorado's statute of repose; (iii) SGC is the type of entity protected by Colorado's statute of repose; and (iv) the six-year repose period expired before the *Allen* Plaintiffs brought their claims against SGC. *See* Motion at 11-16.

**Disputed Facts**

The *Allen* Plaintiffs have not properly disputed many of the facts asserted by SGC. A response to a motion for summary judgment:

> must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist. Each fact in dispute must be numbered, **must refer with particularity to those portions of the record upon which the non-movant relies**, and must state the number of the movant's fact that s disputed. All material facts set forth in the Memorandum [in support of the motion for summary judgment] will be deemed undisputed unless specifically controverted.

D.N.M.LR-Civ. 56.1(b) (emphasis added). The *Allen* Plaintiffs only refer with particularity to portions of the record for three of the facts they dispute. *See* Response at 4-5, ¶¶ 6, 15, 16.

**Deficiency in Bulkheads**

The *Allen* Plaintiffs argue that the statute of repose does not apply because there is no deficiency in the construction of the bulkheads stating:

> Colo. Rev. Stat. Ann. § provides:
>
>> (1)(a) ... all actions against any ... builder ... performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall ... [not] be brought more than six years after the substantial completion of the improvement to the real property
>> ...
>> (c) Such actions shall include any and all actions in tort, contract, indemnity, or contribution, or other actions for the recovery of damages for:
>> (I) Any <u>deficiency</u> in the design, planning, supervision, inspection, construction, or observation <u>of construction of any improvement to real property</u>; or
>> (II) Injury to real or personal property <u>caused by any such deficiency</u>;
>
> (Emphasis added). The highlighted language shows that for the statute to apply, there must be a deficiency in the construction of any improvement to real property. If there is no deficiency, the statute does not apply.

Response at 12-13, Doc. 1087, filed February 5, 2021. The *Allen* Plaintiffs misconstrue the statute of repose which clearly states it applies where there is a "deficiency in the <u>design</u>, <u>planning</u> ... of

4

any improvement to real property." Colo. Rev. Stat. § 13-80-104 (emphasis added); *see Homestake Enterprises, Inc. v. Oliver*, 817 P.2d 979, 983 (Colo. 1991) (*en banc*) ("We believe, however, that the legislature intended that [the statute of repose] define 'defect' to include a wide range of acts or events: that section states that a claim for relief limited by the statute 'shall include any and all actions in tort ... for any deficiency in the <u>design, planning</u>, supervision, inspection, construction, or observation of construction of any improvement to real property'") (emphasis added).

**Basis for Tort Liability**

The *Allen* Plaintiffs dispute that their tort claims are "'predicated on SGC's planning and construction of bulkheads,'" stating that their tort claims are "predicated on SGC's knowing creation of a dangerous condition." Response at 3, ¶ 1. The *Allen* Plaintiffs state that they "are not alleging that the Bulkheads malfunctioned or were deficiently installed; they are alleging that SGC's decision to install the Bulkheads is the root cause of the hazardous conditions that culminated in the August 5, 2015 blowout at the Gold King Mine." Response at 14. SGC's alleged negligence in deciding to install the bulkheads is within the scope of the statute of repose, because the decision was a part of "the design, planning ... " of an improvement to real property.

**Type of Entity Covered**

The *Allen* Plaintiffs dispute that SGC is the type of entity covered by the statute of repose. Response at 16. The *Allen* Plaintiffs state that "[n]othing in the statute extends liability coverage to entities such as SGC, a mining company," but do not cite any legal authority to show that SGC is not the type of entity covered by the statute. Response at 17. SGC is the type of entity covered by the statute of repose. The statute of repose applies to a "builder or ... engineer ... performing or furnishing the design, planning, supervision, inspection, construction, or observation of

construction of any improvement to real property." Colo. Rev. Stat. § 13-80-104(1)(a). It is undisputed that "SGC planned, supervised, constructed, and inspected the Bulkheads." Motion at 4, ¶ 9; Response at 4, ¶ 9 (admitting that SGC constructed the Bulkheads).

**Type of Activity Covered**

The *Allen* Plaintiffs argue that installation of the bulkheads is not the type of activity covered by the statute of repose because "the Bulkheads are not 'improvements to real property' as that term is used in" the statute of repose because "the intention of SGC was not to increase the value of the land for others in exchange for payment, it was to, among other things, cut off its reclamation responsibilities and to recover its $5 million dollar [sic] bond." Response at 16-17 (quoting *Warembourg v. Excel Elec., Inc.*, 471 P.3d 1213, 1234 (Colo. App. 2020) ("The principal factor to be considered in making a determination of whether an activity constitutes an improvement to real property is the intention of the owner")). The *Allen* Plaintiffs fail to point out that *Warembourg* also states that "[A] permanent fixture ... must be construed as an improvement to real property." *Warembourg v. Excel Elec., Inc.*, 471 P.3d 1234 (quoting *Enright v. City of Colorado Springs*, 716 P.2d 148, 150 (Colo. App. 1985)). The bulkheads are permanent fixtures because they were installed with the goal "to end perpetual water treatment." Response at 8, ¶ 14. Elsewhere in their Response, the Allen Plaintiffs state: "There is no question that the Bulkheads were an 'improvement to real property' under the statute." Response at 19.

The Allen Plaintiffs also argue that:

there is a fact issue as to whether Bulkhead No. 1 was installed on SGC property. Colo. Rev. Stat. § 13-80-104(3) states that the statue of repose "shall not be asserted as a defense by any person in actual possession or control, as owner or tenant or in any other capacity, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or damage for which it is proposed to bring the action." Thus, a fact issue exists to preclude summary judgment on this issue.

6

Response at 17-18. The Court disagrees. In his Affidavit, Larry Perino, who was SGC's Senior Planning Engineer, Superintendent of Technical Services, and Reclamation Manager, stated: "SGC did not own the land on which Bulkhead No. 1 was located" and "SGC did now own the property on which the American Tunnel Bulkhead No. 1 was located, own any interest in American Tunnel Bulkhead No. 1, or otherwise possess or control American Tunnel Bulkhead No. 1 at any time following permanent closure of the American Tunnel Bulkhead No. 1." Doc. 962-1 at 3, ¶¶ 15, 17. The *Allen* Plaintiffs contend a factual issue exists because in his deposition, Mr. Perino agreed that Bulkhead 1 "was as close to SGC's property line as could be placed." *See* Doc. 1087-1. The statement in Mr. Perino's deposition, that Bulkhead 1 "was as close to SGC's property line as could be placed," does not demonstrate a genuine issue of material fact with Mr. Perino's Affidavit, which states that "SGC did not own the land on which Bulkhead was located," because the deposition statement does not indicate that Bulkhead No.1 was on land owned by SGC. *See Pioneer Centres Holding Co. Employee Stock Ownership Plan and Trust v. Alerus Financial, N.A.*, 858 F.3d 1324, 1334 (10th Cir. 2017) ("The district court must draw all reasonable inferences in favor of the nonmoving party. But an inference is unreasonable if it requires a degree of speculation and conjecture that renders [the factfinder's] findings a guess or mere possibility").

**Opportunity to Prevent Blowout**

> The *Allen* Plaintiffs argue that:
>
> the issues caused by the Bulkheads were discovered in a reasonable amount of time. Four years after construction of the Bulkheads was completed, SGC was urged to re-open the Bulkheads to prevent further flooding of the Gold King Mine and to avoid a potential blowout. The dangerous condition created by the Bulkheads was realized well within the timeframe established under the statute of repose, but SGC refused to intervene. SGC should not be shielded from liability for refusing to act.
> ...
> the relevant inquiry is whether SGC had the opportunity to remedy the issues caused by the Bulkheads—it did. The fact that other entities owned the land on which the Bulkheads were constructed is not dispositive here because SGC was

7

offered the opportunity to venture onto those lands to open the Bulkheads to prevent a blowout.

Response at 18-20 (citations omitted).

The *Allen* Plaintiffs' argument is meritless. The statute of repose states "in no case shall such an action be brought more than six years after the substantial completion of the improvement to the real property." Colo. Rev. Stat. § 13-80-104(1)(a). The "*Allen* Plaintiffs agree that construction [of the bulkheads] was completed in 2003." Response at 18. The statute of repose thus bars tort actions brought after 2009. The *Allen* Plaintiffs do not cite any legal authority demonstrating an exception to the statute of repose's six-year limit for bringing claims.

**Sunnyside Gold Corporation's Motion for Summary Judgment on Nuisance Claims**

SGC also filed a motion for a partial summary judgment dismissing the Allen Plaintiff's nuisance claims against SGC on the ground that the nuisance claims are preempted by the Clean Water Act and cannot be considered a nuisance under Colorado law. Because it is dismissing the *Allen* Plaintiffs' tort claims against SGC on statute of repose grounds, the Court denies SGC's Motion for partial summary judgment on the *Allen* Plaintiffs' nuisance claims as moot.

**IT IS ORDERED** that:

(i) Defendant Sunnyside Gold Corporation's Motion for Partial Summary Judgment on Statue of Repose Grounds, Doc. 962, filed December 17, 2020, is **GRANTED.**

(ii) Defendant Sunnyside Gold Corporation's Motion for Partial Summary Judgment on Nuisance Claims, Doc. 963, filed December 17, 2020, is **DENIED as moot.**

_____
WILLIAM P. JOHNSON
**CHIEF UNITED STATES DISTRICT JUDGE**