**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| In re: Gold King Mine Release in San Juan County, Colorado on August 5, 2015<br><br>*This Document Relates to:*<br>    *No. 16-cv-465-WJ/LF*<br>    *No. 16-cv-931-WJ/LF*<br>    *No. 18-cv-319-WJ* | No. 1:18-md-02824-WJ |

**KINROSS GOLD CORPORATION'S MOTION FOR ENTRY OF JUDGMENT**

Defendant Kinross Gold Corporation ("KGC") hereby moves for Entry of Judgment on all claims asserted against it by the United States, and states as follows:

In its May 3, 2021 Order (Doc. 1177), the Court granted KGC's motion for summary judgment, "concluding that Kinross is not subject to personal jurisdiction in New Mexico." Order, 10-4-21, Doc. 1368, p. 2 (citing Doc. 1177, p. 3). The May 3, 2021 Order also allowed the United States 21 days to file a motion to determine whether the Court has personal jurisdiction over Kinross Gold Corporation pursuant to Fed. R. Civ. P. 4(k)(2). The United States filed its motion on May 24, 2021, and the Court has now concluded that the United States has failed to establish that KGC is subject to jurisdiction under Rule 4(k)(2). *See* Order, Doc.1368, p. 8 (holding that "the United States has not met its burden" under the summary judgment standard and that "Rule 4(k)(2) is not applicable to Kinross….").

In light of the Court's conclusions that KGC is not subject to personal jurisdiction in New Mexico, or to jurisdiction under Rule 4(k)(2), KGC hereby moves for entry of judgment pursuant to Fed. R. Civ. P. 58(d) ("A party may request that judgment be set out in a separate document as required by Rule 58(a)."); *Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007)

(holding that parties may request a district court to enter a separate judgment under Fed. R. Civ. P. 58(d) in order to resolve the case and avoid confusion). Entry of judgment is appropriate here because, as the Court has recognized, personal jurisdiction over KGC simply does not exist in this Court.

## **D.N.M.LR-Civ. 7.1(a) CERTIFICATION**

In accordance with D.N.M.LR-Civ. 7.1(a), KGC's counsel has conferred through email with counsel for the United States, and thereby confirmed that this motion is opposed.

## **CONCLUSION**

For these reasons, KGC respectfully requests that this Court enter judgment in its favor and against the United States on the United States' causes of action, for KGC's costs and recoverable expenses, and for such other and further relief as the Court may deem just.

Respectfully,

**HOLLAND & HART** LLP

*/s/ Bradford C. Berge*
Bradford C. Berge
Jules Angelley
P. O. Box 2208
Santa Fe, NM 87504-2208
TEL: 505-988-4421
FAX: 505-983-6043
bberge@hollandhart.com
jeangelley@hollandhart.com

*/s/ Craig D. Galli*
Craig D. Galli
222 South Main, Suite 2200
Salt Lake City, UT 84101
TEL:  (801) 799-5842
FAX: (866) 784-7734
cgalli@hollandhart.com

*Attorneys for Defendants Kinross Gold U.S.A., Inc. and Kinross Gold Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th of October 2021, the foregoing was filed via the U.S. District Court of New Mexico's CM/ECF electronic filing system and a copy thereof was served via CM/ECF upon all counsel of record.

                                              */s/ Bradford C. Berge*
                                              Bradford C. Berge

17552239_v1